UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMILA MANVI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE,<br><br>    Defendant. | Case No.  21-cv-00542-JSC<br><br>**ORDER RE: MOTION TO DISMISS AND TRANSFER VENUE**<br><br>Re: Dkt. No. 38 |

Before the Court is Defendant's motion to dismiss and transfer venue.  (Dkt. No. 38.)[1] Plaintiffs are eight foreign nationals holding H-4 visas; they are also individual spouses of H-1B visa holders.[2]  They reside across the country, and allege that United States Citizenship and Immigration Services ("USCIS") has created unreasonable delays in the adjudication of their applications for H-4 nonimmigrant status and employment authorization documents ("EAD"). Defendant's motion is unopposed.  After careful consideration of the motion and supporting documents, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the June 24, 2021 hearing, and GRANTS the motion for the reasons explained below.

**DISCUSSION**

On January 22, 2021, Plaintiffs filed a complaint alleging that Defendant USCIS has unreasonably delayed the adjudication of their applications for H-4 nonimmigrant status and EAD in violation of the Administrative Procedure Act.  (Dkt. No. 1.)  The Court subsequently related the case to *Ray v. Cuccinelli*, 3:20-cv-06279-JSC (N.D. Cal. filed Sept. 4, 2020).  (Dkt. No. 9.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Dkt. Nos. 12, 14.)

After the parties completed briefing on Plaintiffs' motion for preliminary injunction, Plaintiffs withdrew the motion, (Dkt. Nos. 10, 30), and Defendant filed the instant motion to dismiss and transfer venue.

**I.    Mootness**

Defendant argues that claims brought by Plaintiffs whose H-4 visa status and EAD renewal petitions have been approved are moot and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant presents evidence that USCIS has approved the applications of seven of eight Plaintiffs. (Dkt. Nos. 39, 26, 21-2.)

Federal jurisdiction requires a live case or controversy at every stage of litigation. U.S. Const. art. III, § 2, cl. 1; *Hollingsworth v. Perry*, 570 U.S. 693, 704-05 (2013). If, at any point during litigation, an event occurs such that there is no longer a live case or controversy upon which relief can be granted, the claim is moot and must be dismissed. *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). The unreasonable delay claims brought by the seven Plaintiffs whose work reauthorizations have been adjudicated are moot with regard to any *relief* that could be granted. *See* Order Re Motion to Sever, Dismiss, and Transfer Venue, *Ray v. Cuccinelli*, No. 20-CV-06279-JSC (N.D. Cal. Dec. 15, 2020), Dkt. No. 51. In the context of Defendant's motion to dismiss the seven Plaintiffs' unreasonable delay claims, USCIS's approval of Plaintiffs' H-4 status and EAD renewal applications moots the "live case or controversy" on which Plaintiffs' claims for relief—and this Court's jurisdiction over those claims—depend. *See American Rivers*, 126 F.3d at 1123. At bottom, there can be no "relief" to grant where a Plaintiff's applications have been approved. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1087 (9th Cir. 2011) ("[I]f events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the [claims] as moot[.]").

In sum, the Court agrees that the unreasonable delay claims have become moot with respect to seven of eight Plaintiffs and must be dismissed.

**II.    Venue**

Defendant argues that the eighth Plaintiff's unreasonable delay claim should be severed and transferred to a more appropriate venue "[f]or the convenience of parties and witnesses, in the

interest of justice." 28 U.S.C. § 1404(a). Defendant presents evidence that the eighth Plaintiff's applications for H-4 nonimmigrant status and EAD remain pending, and thus are not moot. (Dkt. No. 21-1.) Such evidence dates to February 26, 2021, but Defendant's counsel represents that the applications remain pending as of May 14, 2021, and Plaintiffs do not oppose the instant motion. (Dkt. No. 38 at 14.) Defendant also presents evidence that the applications are pending in the USCIS Nebraska Service Center. (Dkt. No. 21-1.) As this Plaintiff has no ties to the Northern District of California and the applications are not pending within this District, Defendant urges the Court to sever the remaining claim and transfer it to the District of Nebraska.

Section 1404(a) permits transfer "to any other district or division where [the case] might have been brought." 28 U.S.C. § 1404(a). Plaintiff Aishwarya Manepalli's unreasonable delay claim could have been brought in the District of Nebraska because "a substantial part of the events or omissions giving rise to the claim occurred" in that venue, where the applications are pending. 28 U.S.C. § 1391(e)(1)(B). Moreover, the Court finds good cause to transfer in the interest of justice, given that Defendant's motion is unopposed. *See Mukherjee v. USCIS*, 2020 WL 3447963 (D.D.C. June 24, 2020); *Pasem v. USCIS*, 2020 WL 2514749, at *2-4 (D.D.C. May 15, 2020). Therefore, the Court in its discretion severs and transfers Plaintiff Manepalli's unreasonable delay claim to the District of Nebraska.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss and transfer venue. The unreasonable delay claims of Plaintiffs Premila Manvi, Prasana Nandhini Rengasamy, Tejeswi Pratima Dodda, Hemavthi Dilip, Jyotsna Sharma, Lavanya Gundu, and Sasi Basireddy are dismissed as moot. The unreasonable delay claim of Plaintiff Aishwarya Manepalli is severed and transferred to the District of Nebraska.

This Order disposes of Docket No. 38.

**IT IS SO ORDERED.**

Dated: June 22, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3